# CV 15        3938

**BLOCK, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**ORENSTEIN, M.J.**

PETER COHN,

                                        Plaintiff,

**NOTICE OF REMOVAL**

Case No. 15 Civ. _____

- against -

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, THE BOARD OF
EDUCATION OF THE CITY SCHOOL OF NEW
YORK, ERIC STRAUSS, individually, and JAMES
JOHNSON individually,

                                        Defendants.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 06 2015 ★

BROOKLYN OFFICE

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**TO:       THE UNITED STATES DISTRICT COURT,
            EASTERN DISTRICT OF NEW YORK**

        Defendant Board of Education of the City School District of the City of New

York ("BOE") (sued herein as "The Department of Education of the City of New York, The

Board of Education of the City School of New York"), by its attorney, Zachary W. Carter,

Corporation Counsel of the City of New York, respectfully shows this Court as follows:

        1.        On June 15, 2015, defendant BOE received a Summons and Verified

Complaint, filed in the Supreme Court of the State of New York, County of Kings, under Index

No. 506917/2015, naming it as a defendant therein.   A copy of the Summons and Verified

Complaint is annexed hereto as Exhibit "A."

        2.        Upon information and belief, Eric Strauss and James Johnson, each named

individually as defendants, have not been served with the Summons and Verified Complaint.

        3.        The above-captioned matter is a civil action of which the United States

District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) in that it

alleges claims which arise under the laws of the United States, namely, the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

       4.       Plaintiff brings this lawsuit alleging, <u>inter alia</u>, that defendants' violated the First Amendment of the Unite States Constitution by retaliating against Plaintiff because Plaintiff spoke out on matters of public concern.  <u>See</u> Exhibit "A," at ¶ "39."

       5.       This action is therefore removable to this District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441 (b).

       6.       This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the Verified Complaint.  <u>See</u> 28 U.S.C. § 1446 (b) (1).

       7.       Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendant BOE respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:      New York, New York
           July 6, 2015

                            ZACHARY W. CARTER
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendant BOE
                            100 Church Street, Room 2-125
                            New York, New York 10007
                            (212) 356-2470
                            ssutro@law.nyc.gov

            By:        /s/

                            Steven A. Sutro
                            Assistant Corporation Counsel

TO:    STEWART LEE KARLIN (by first class mail)
       Attorney for Plaintiff
       9 Murray Street, Suite 4W
       New York, NY 10007
       (212) 792-9670

FILED: KINGS COUNTY CLERK 06/04/2015 06:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 506917/2015
RECEIVED NYSCEF: 06/04/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

PETER COHN,

                    Plaintiff,

    -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, THE BOARD OF
EDUCATION OF THE CITY SCHOOL OF
NEW YORK, ERIC STRAUSS, individually,
and JAMES JOHNSON individually,

                    Defendants.
-----------------------------------------------------------------X

Index No.: 506917/2015
Date Purchased:  6/4/2015

Plaintiff designates Kings
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's Principal Place of

Plaintiff resides:  12 Severin Place
                    Huntington, NY 11743

To the above named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      May 8, 2015

                    Yours, etc.,

                    /Stewart Lee Karlin

DEFENDANTS' ADDRESS
**ATT: CORPORATION COUNSEL**
**THE CITY OF NEW YORK**
100 Church Street
New York, New York 10007

                    STEWART LEE KARLIN, ESQ.
                    Attorney for Plaintiff
                    9 Murray Street, Suite 4W
                    New York, New York, 10007
                    (212) 792-9670
                    slk@stewartkarlin.com

**Principal Eric Strauss**
High School of Art and Design
245 East 56th Street
New York, NY 10022

**Assistant Principal James Johnson**
High School of Art and Design
245 East 56th Street
New York, NY 10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
PETER COHN,

               Plaintiff,

    -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, THE BOARD
OF EDUCATION OF THE CITY SCHOOL
OF NEW YORK, ERIC STRAUSS individually,
and JAMES JOHNSON individually,

             Defendants.
-----------------------------------------------------------------X

**VERIFIED
COMPLAINT**

**Index No.:   506917/2015**

    PLAINTIFF PETER COHN by his attorney Stewart Lee Karlin, Esq., complaining of Defendants, THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY SCHOOL OF NEW YORK, ERIC STRAUSS, JAMES JOHNSON, alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matter, as follows:

1.    This is a civil action based upon Defendants' violations of the First Amendment of the United States Constitution by retaliating against Plaintiff, PETER COHN because he spoke out externally and internally on matters of public concern relating to examination fraud.

2.    Plaintiff Peter Cohn was at all times hereinafter mentioned is a resident of the State of New York, County of Suffolk.

3.    At all times hereinafter mentioned, upon information and belief, Defendant THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK (hereinafter "Defendant" or "DOE") was and still is a governmental agency organized and existing under the laws of the State of New York with its principal place of business located in the County of Kings.

1

4.  Defendant ERIC STRAUSS is a Principal with the DOE, but is sued individually herein, as he was acting outside the scope of his employment at all times relevant in the complaint.

5.  Defendant JAMES JOHNSON is an Assistant Principal with the DOE, but is sued individually herein, as he was acting outside the scope of his employment at all times relevant in the complaint.

6.  Plaintiff Peter Cohn (hereinafter Mr. Cohn or Plaintiff) is employed with the Defendant as an Earth Science teacher at the High School of Art and Design, 245 East 56th Street, New York, NY 10022 and has been employed from 2001 to date.

7.  Plaintiff was tenured in 2005 and had received all satisfactory observations and year end ratings until his First Amendment activity.

8.  Between June 15, 2011 to June 22, 2011, Plaintiff was part of the grading team for the New York State Regent Examination and he observed that another earth science teacher's students (Mr. Marciano) had about a dozen students with 100 percent on the lab performance part of the test which is substantially higher than normal without coaching.

9.  On June 27, 2011, Mr. Cohn advised Defendant James Johnson (Assistant Principal) about probable coaching and giving students foreknowledge of the test and Johnson immediately became angry and refused to take any information from him.

10.  On October 20, 2012 (Thursday morning) Defendant Eric Strauss and Plaintiff had another conversation about Regents scores and he advised him about probable coaching by the other teacher.

11.  On November 4, 2011, the issue of the coaching was raised again with Strauss and Johnson. In the following weeks the principal switched Plaintiff's rooms so he would move and teach in two different rooms.

1

12. On January 6, 2012, Plaintiff received an unsatisfactory observation regarding an observation conducted on January 5, 2012, was advised by Defendants Strauss and Johnson to transfer to another school, and advised Strauss and Johnson were angry with Plaintiff because of reporting the examination fraud.

13. On February 16, 2012, Plaintiff had another observation and received an unsatisfactory rating on February 27, 2012.

14. On March 5, 2012, Plaintiff notified the New York State Department of Education Testing Division and New York City Department Education Testing Division by Certified Mail Return Receipt Requested. Plaintiff repeated his assertion that another teacher probably provided students foreknowledge of the regent's lab test and that the Principal and Mr. Johnson refused to listen or discuss this. Moreover, the Defendants had begun retaliatory conduct since last June 27, 2011 with falsified lesson reports. On March 29, 2012, OSI came to see Plaintiff in the principal's office. Investigators told Plaintiff not to discuss matters of coaching, cover up or harassment.

15. On April 17, 2012, Plaintiff had another formal observation and received another unsatisfactory rating.

16. In May 2012, Plaintiff received another unsatisfactory observation. On June 22, 2012 (the last day of school), Plaintiff received an annual performance review of unsatisfactory for the 2011-2012 school year.

17. It also should be noted that in September 2011, the high school moved from 1075 2nd. Ave, NY, NY to a new building.

18. Mr. Johnson was no longer the Chairman of Math and Science and said duties were reassigned to Ms. Bernadette Mikolajaczyk, Chairman of the English department. Ms. Mikolajaczyk was

2

        supposed to be Plaintiff's new Department Chair and she was supposed to conduct his

observations and write the evaluations of his teaching.

19.      However, Mr. Strauss specially moved Mr. Johnson to conduct observations of Plaintiff. The

following five observation reports were all unannounced and conducted during 4th Period.

20.      This 4th period is the official attendance & announcement period, so there is extra paperwork

and administrative issues that take time away from teaching.

21.      On November 30, 2012, an observation by Strauss and Johnson was rated unsatisfactory.

22.      On January 14, 2012, the observation by Strauss and Johnson was rated unsatisfactory.

23.      On March 12, 2013, the observation by Strauss and Johnson was rated unsatisfactory.

24.      On May 6, 2012, another lesson was rated unsatisfactory.

25.      On May 28 2013, another lesson was rated unsatisfactory.

26.      Finally on June 24, 2013, Plaintiff received another unsatisfactory annual performance review

for the 2012-2013 school year.

27.      Plaintiff was subjected, and is still being subjected to disparate treatment, and a hostile work

environment due to retaliation for reporting test fraud. As a direct result of complaining about

improper governmental activity by the principal and others, Plaintiff received unsatisfactory

ratings as set forth above.

28.      Plaintiff has been deprived of constitutionally protected speech and interests under the color of

state law.

29.      At all times material hereto, DOE is a political subdivision of the State of New York existing

by virtue of the laws of the State of New York and approved of the conduct more specifically

set forth below.

30.     Defendant Strauss and Johnson are sued individually herein, as they were acting outside the
        scope of their employment at all times relevant in the complaint. at all times relevant in the
        complaint. Both were acting under the color of State Law.

31.     Plaintiff has the right to complain internally and to the State of New York concerning such
        matters.

32.     Plaintiff's advocacy was separate and apart from any of his job responsibilities he had as a
        teacher but as a citizen expressing grave concern regarding matters that are of a public concern.

33.     In fact, Plaintiff's job responsibilities did not include complaining about examination fraud to
        the State of New York Education Department.

34.     As a direct result of Plaintiff complaining to the State of New York, Plaintiff was retaliated
        against as set forth above.

35.     There were no legitimate reasons for the above conduct.  The only reason for said action is
        retaliatory due to Plaintiff speaking out regarding matters of public concern.

36.     The above referenced conduct was deliberate, continuing and ongoing from the moment
        Plaintiff complained and then grew worse once Plaintiff complained to the New York State
        Education Department.

37.     Plaintiff duly complied with all conditions precedent including file a notice of claim.

### AS AND FOR A FIRST CLAIM FOR RELIEF-US CONSTITUTION
### FIRST AMENDMENT- AGAINST ALL DEFENDANTS

38.     Plaintiff repeats and realleges each and every allegation set forth above with same force and
        effect as if fully set forth herein.

39.     Defendants violated the First Amendment of The United States Constitution by retaliating
        against Plaintiff because he spoke out externally and internally on matters of public concern
        relating to test fraud on the New York State Regent Examination.

4

40.   Plaintiff's advocacy was separate and apart from his job duties.  Plaintiff was not mandated to
      speak out and petition the government and was not reasonably expected to do so pursuant to his
      duties as a teacher.  Plaintiff was speaking as a citizen regarding matters which are of a public
      concern and interest.

41.   There were no legitimate reasons for Defendants actions except retaliation due to Plaintiff's
      exercise of his First Amendment rights.

42.   As a result of Defendants' actions, Plaintiff has been, and continues to be, deprived of his
      Federal rights under 42 U.S.C., Section 1983 and the Fourteenth Amendment due process rights
      applying the First Amendment rights of the United States Constitution.

43.   As a result of Defendants actions, Plaintiff suffered emotional pain and humiliating irreparable
      damage to his reputation.  Defendants actions have injured Plaintiff in his employment.

44.   Defendants have deprived Plaintiff of such rights under color of State Law.

45.   As a result of Defendants actions in retaliating against Plaintiff he has been damaged.

### DEMAND FOR A JURY TRIAL

46.   Plaintiff demands a trial by Jury of all issues and claims in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants that exceeds the minimum
jurisdiction of this Court as follows:

1.   Compensatory damages including but not limited to pain and suffering, damage to
     Plaintiff's reputation and lost wages;

2.   Attorney fees and Costs; cannot yet be determined;

3.   Equitable relief including but not limited to the following:

     a.   Declaring that the actions and inactions of the defendants as complained of

5

herein, intentionally deprived plaintiff of his rights protected by the New York

State Constitution;

b.      Permanently enjoining the defendants from engaging in the practices

complained of herein and expunging the negative evaluations and observations

from Plaintiff's file;

c.      Expungement of Plaintiff's Unsatisfactory Annual Performance Review.

4.      Such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        May 8, 2015                                 Respectfully submitted,
                                                    THE LAW OFFICES OF
                                                    STEWART LEE KARLIN, PC

                                                    /Stewart Lee Karlin
                                                    STEWART LEE KARLIN, ESQ.
                                                    Attorney for Plaintiff
                                                    9 Murray Street, Suite 4W
                                                    New York, NY  10007
                                                    (212) 792-9670