

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

Steven A. Sutro
Labor and Employment Law Division
Phone: (212) 356-2470
Fax: (212) 356-2438
Email: ssutro@law.nyc.gov

August 3, 2015

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> **Re:** <u>Peter Cohn v. The Department of Education of the City of New York, et al.</u>
> Docket No. 15-CV-03938 (FB) (JO)

Dear Judge Block:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendant Board of Education of the City School District of the City of New York ("BOE") (sued herein as "The Department of Education of the City of New York, The Board of Education of the City School of New York") in the above-referenced action.[1]  Pursuant to Your Honor's Individual Motion Practices (Sec. 2. A.), I write to request a pre-motion conference concerning Defendant's anticipated Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, a tenured Earth Science teacher employed by the BOE, brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of his First Amendment right to free speech.  Plaintiff alleges that he was part of a grading team for the New York State Regents Exam and observed another Earth Science teacher had about a dozen students score "100" on the lab part of the exam which plaintiff believed was accomplished by the students having been "coached" by the other teacher.  He alleges that after he reported his suspicion that the other teacher had engaged in improper "coaching" on the exam, he received unsatisfactory observation reports and was issued unsatisfactory performance ratings for the 2011-12 and 2012-13 school years.  This action was originally commenced in the Supreme Court of the State of New York, Kings County.  On July 6, 2015, defendants removed this case from state court to federal court.

---

[1] No appearance is being made on behalf of the individually named defendants, Eric Strauss and James Johnsons, as neither has been served with the summons and complaint.

Honorable Frederic Block
United States District Judge
August 3, 2015
Page 2 of 3

      Defendant BOE anticipates moving to dismiss plaintiff's claim. To survive a motion to dismiss for failure to state a claim under Federal Rule 12(b)(6), the complaint must contain sufficient facts to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Thus, the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

      To state a claim of retaliation in violation of the First Amendment, public employee plaintiffs must allege that: "(1) they engaged in constitutionally protected speech because they spoke as citizens on a matter of public concern; (2) they suffered an adverse employment action; and (3) the speech was a motivating factor in the adverse employment decision." See Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006) (internal citation and quotation omitted) (overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008).). Defendants may "escape liability if they can demonstrate that either (1) the defendant would have taken the same adverse action against the plaintiff regardless of the plaintiff's speech; or (2) the plaintiff's expression was likely to disrupt the government's activities and that the harm caused by the disruption outweighs the value of the plaintiff's expression." Id. If the court determines that the plaintiff either did not speak as a citizen or did not speak on a matter of public concern, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006) ("Garcetti") (internal citation omitted). Under this analysis, speech that is made pursuant to the employee's official duties is not made as a citizen. See Weintraub v. Bd. of Educ., 593 F.3d 196, 201 (2d Cir. 2010) ("Weintraub").

      Here, plaintiff spoke as an employee, not a citizen, and therefore cannot state a claim upon which relief can be granted. This case is on all fours with O'Connor v. Huntington U.F.S.D., No. 11-CV-1275 (JFB)(ARL), 2014 U.S. Dist. LEXIS 39596 (E.D.N.Y. Mar. 25, 2014) ("O'Connor"). In O'Connor, as in here, a teacher was grading a statewide examination and believed that the grades of another teacher's students were inflated due to malfeasance by that other teacher. See id. at *3-4. In O'Connor, as in here, the teacher reported his suspicions and concerns about the other teacher's students' grades to the school's administration including the principal. See id. In O'Connor, as in here, the teacher alleged that the administrators retaliated against him for reporting the potential grading irregularities. See id. at *13. The O'Connor court dismissed the complaint, holding that the teacher

> spoke as a public employee, rather than as a private citizen, when he complained about potential grading improprieties. This determination is consistent with those by other courts that conclude that such internal complaints by teachers about their colleagues' professional misconduct based upon information learned through the teachers' positions constitute speech as a public employee that is not protected by the First Amendment.

Honorable Frederic Block
United States District Judge
August 3, 2015
Page 3 of 3

Id. at 29 (internal citations omitted).  See also White v. City of New York, No. 13 Civ. 7156 (ER), 2014 U.S. Dist. LEXIS 123255, *29-30 (S.D.N.Y. Sept. 3, 2014) (granting motion to dismiss where speech at issue was obviously "that of a concerned teacher, not a concerned citizen").  For this and other grounds, defendant BOE therefore wishes to move to dismiss the First Amendment retaliation claim pursuant to Federal Rule 12(b)(6).

Accordingly, defendant BOE respectfully requests the Court set a pre-motion conference in connection with the anticipated motion to dismiss.

        Respectfully submitted,
        /s/ *Steven A. Sutro*
        Steven A. Sutro
        Assistant Corporation Counsel

cc:    Hon. James Orenstein (*by ECF*)
        U.S. Magistrate Judge

        Stewart Lee Karlin (*by ECF*)
        Attorney for Plaintiff