Law Offices of
## STEWART LEE KARLIN, P.C.
**9 Murray Street, Suite 4W**
**New York, New York 10007**
**(212) 792-9670/Office**
**(212) 732-4443/Fax**
cnk@stewartkarlin.com

**MEMBER OF THE BAR**                                                      **Concentrating in Employment, Education**
**NEW YORK & NEW JERSEY**                                                              **and Insurance Law**

August 10, 2015

<u>**Via ECF**</u>
Honorable Frederic Block
United States District Court
225 Cadman Plaza East, Room 118S
Brooklyn, NY 1120-1818

  Re: Peter Cohn v. The Department of Education of the City of New York, et al.
     15-CV-03938 (FB) (JO)

Dear Judge Block,

  In accordance with paragraph 2A of the Court's Individual Motion Practice rules, Plaintiff is writing the instant letter in opposition to Defendant's request for a conference regarding Defendant's Motion to dismiss the amended complaint (the "amended complaint"). A pre motion conference would be futile and thus Defendant's request should be denied.

  The complaint alleges Plaintiff was tenured in 2005 and had received all satisfactory observations and year end ratings until his first amendment activity. Between June 15, 2011 to June 22, 2011, Plaintiff was part of the grading team and he observed that another earth science teacher's students (Mr. Marciano) had about a dozen students with 100 percent on the lab performance part of the test, (New York State Regent Examination) which is substantially higher than normal without coaching. After complaining internally about the impropriety of the scores, **on March 5, 2012, Plaintiff notified the New York State Department of Education Testing Division** and New York City Dept. Education Testing Division by certified mail RRR. Plaintiff repeated his assertion that another teacher probably provided students foreknowledge of the regent's lab test and that the Principal and Mr. Johnson refused to listen or discuss this. On March 29, 2012, the Office of Special Investigations came to see Plaintiff in the principal's office. Investigators told Plaintiff not to discuss matters of coaching, cover up or harassment. On April 17, 2012, Plaintiff had another formal observation and received another unsatisfactory rating. In May 2012, Plaintiff received another unsatisfactory observation. On June 22, 2012 (the last day of school), Plaintiff received an annual performance review of unsatisfactory for the 2011-2012 school year.

  Thereafter, on November 30, 2012, an observation by Strauss and Johnson was rated unsatisfactory. On January 14, 2012, the observation by Strauss and Johnson was rated unsatisfactory. On March 12, 2013, the observation by Strauss and Johnson was rated

Honorable Frederic Block
United States District Court
August 10, 2015
Page 2

unsatisfactory. On May 6, 2012, another lesson was rated unsatisfactory. On May 28 2013, another lesson was rated unsatisfactory. Finally on June 24, 2013, Plaintiff received another unsatisfactory annual performance review for the 2012-2013 school year.

In <u>Mathews v. City of New York,</u> Case No. 13–2915 ( Decided February 26, 2015) the Second Circuit analyzed the Supreme Court decision under <u>Garcetti v. Ceballos</u>, 547 U.S. 410, 418 (2006).   The Court held that the Plaintiff asserting a First Amendment retaliation claim must establish that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir.2011). Since the request for a pre motion conference is based on whether the speech by Plaintiff is "protected speech" the Second Circuit conducted a two-step inquiry to determine whether a public employee's speech is protected:   In <u>Mathews</u>, the Court held that first the Court requires determining whether the employee spoke as a citizen on a matter of public concern. (citing Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cnty., 391 U.S. 563, 568 (1968)). This step one inquiry in turn encompasses two separate sub questions: "(1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke 'as a citizen' rather than solely as an employee." Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir.2011) (citing Garcetti, 547 U.S. at 42022). In <u>Mathews</u>, the Second Circuit stated whether a public employee speaks as a citizen: (A) did the speech fall outside of the employee's "official responsibilities," and (B) does a civilian analogue exist? See Weintraub v. Bd. of Educ. of City Sch. Distr. of City of. N.Y., 593 F.3d 196, 203–04 (2d Cir.2010).

In this case, there is little question that this is a matter of public concern.   The issue presented by the Defendant is whether the employee spoke as a citizen rather than solely as an employee. The district court in <u>Mathews</u> held that the police officer complaining about quotas internally spoke as a public employee but the Second Circuit reversed holding that Matthews's speech to the Precinct's leadership in this case was not what he was "employed to do," In sum, Matthews's actual, functional job responsibilities did not include reporting his opinions on precinct-wide quota systems to the Precinct commanders. The Second Circuit held that when a public employee whose duties do not involve formulating, implementing, or providing feedback on a policy that implicates a matter of public concern engages in speech concerning that policy, and does so in a manner in which ordinary citizens would be expected to engage, he or she speaks as a citizen, not as a public employee.   In addition, the Court held that the existence of a comparable civilian analogue for Matthews's speech also supported the conclusion that he spoke as a citizen. Speech has a "relevant civilian analogue" if it is made through "channels available to citizens generally."

In the case at hand, like *Mathews* complaining about a quota, Plaintiff was not addressing his own students, but commenting on other teachers providing assistance to students on the New York State Regents examination. Second, unlike the <u>O'Connor v. Huntington U.F.S.D.</u>, No.11-CV-1275 (JFB) (ARL), cited by Defendant that was decided prior to <u>Mathews</u>, here Plaintiff went outside the NYC DOE to the New York State Department of Education in Albany, New York.   Clearly, Plaintiff's job responsibilities do <u>not</u> include complaining to the New York

Honorable Frederic Block
United States District Court
August 10, 2015
Page 3

State Department of Education or the New York City Department of Education, Division of Testing.   Finally, and as a matter of law, complaining to the New York State Department of Education and the New York City Department of Education, Division of Testing is a relevant civilian analogue that is available to citizens generally.

      Accordingly, for the above reasons, the pre motion conference would be futile.

      Thank you for your attention to this matter.

Very truly yours,

*s\ Stewart Lee Karlin*
Stewart Lee Karlin, Esq.
The Law Offices of Stewart Lee Karlin, PC

CC:   Steven A. Sutro, ACC (via ECF)