UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PETER COHN,

                Plaintiff,                    15-cv-3938 (FB)(JO)

   -against-                           **AMENDED COMPLAINT**
                                           **WITH JURY DEMAND**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, THE BOARD
OF EDUCATION OF THE CITY SCHOOL
OF NEW YORK, ERIC STRAUSS individually,
and JAMES JOHNSON individually,

                Defendants.
---------------------------------------------------------------X

PLAINTIFF PETER COHN by his attorney Stewart Lee Karlin, Esq., complaining of Defendants, THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY SCHOOL OF NEW YORK, ERIC STRAUSS and JAMES JOHNSON, alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matter, as follows:

1. This is a civil action based upon Defendants' violations of the First Amendment of the United States Constitution by retaliating against Plaintiff, PETER COHN because he spoke out externally and internally on matters of public concern relating to examination fraud.

2. Plaintiff Peter Cohn was at all times hereinafter mentioned is a resident of the State of New York, County of Suffolk.

3. At all times hereinafter mentioned, upon information and belief, Defendant THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK (hereinafter "Defendant" or "DOE") was and still is a governmental agency organized and existing under

the laws of the State of New York with its principal place of business located in the County of Kings.

4. Defendant ERIC STRAUSS is a Principal with the DOE, but is sued individually herein, as he was acting outside the scope of his employment at all times relevant in the complaint.

5. Defendant JAMES JOHNSON is an Assistant Principal with the DOE, but is sued individually herein, as he was acting outside the scope of his employment at all times relevant in the complaint.

6. Plaintiff Peter Cohn (hereinafter Mr. Cohn or Plaintiff) is employed with the Defendant as an Earth Science teacher at the High School of Art and Design, 245 East 56th Street, New York, NY 10022 and has been employed from 2001 to date.

7. Plaintiff was tenured in 2005 and had received all satisfactory observations and year end ratings until his First Amendment activity.

8. Between June 15, 2011 to June 22, 2011, Plaintiff was part of the grading team for the New York State Regent Examination and he observed that another earth science teacher's students (Mr. Marciano) had about a dozen students with 100 percent on the lab performance part of the test which is substantially higher than normal without coaching.

9. On June 27, 2011, Mr. Cohn advised Defendant James Johnson (Assistant Principal) about probable coaching and giving students foreknowledge of the test and Johnson immediately became angry and refused to take any information from him.

10. On October 20, 2012 (Thursday morning) Defendant Eric Strauss (Principal) and Plaintiff had another conversation about Regents scores and he advised him about probable coaching by the other teacher.

11. On November 4, 2011, the issue of the coaching was raised again with Strauss and Johnson.

1

    In the following weeks the principal switched Plaintiff's rooms so he would move and teach in two different rooms.

12. Specifically, Plaintiff told Strauss and Johnson that a fellow Earth Science Teacher at the school, coached his students on the lab practical portion of the Regents examination. As to the lab practical portion of the exam, advanced coaching by a teacher is possible because the Earth Science teachers received the lab portion of the exam ahead of time, and were responsible for setting the test up and making the answer key. Various ways of coaching students would be possible in order to increase their scores, including telling the students the instructions (which are long and detailed) ahead of time or pointing out to students what to look for in this exam questions.

13. On January 6, 2012, Plaintiff received an unsatisfactory observation regarding an observation conducted on January 5, 2012, was advised by Defendants Strauss and Johnson to transfer to another school, and advised Strauss and Johnson were angry with Plaintiff because of reporting the examination fraud. This observation was written by Johnson at the instruction of Strauss.

14. On February 16, 2012, Plaintiff had another observation and received an unsatisfactory rating on February 27, 2012.

15. On March 5, 2012, Plaintiff notified the New York State Department of Education Testing Division and the Board of Regents (Albany, NY office) by Certified Mail Return Receipt Requested. Plaintiff repeated his assertion that another teacher probably provided students foreknowledge of the regent's lab test and that the Principal and Mr. Johnson refused to listen or discuss this. On March 29, 2012, OSI came to see Plaintiff in the principal's office. Investigators told Plaintiff not to discuss matters of coaching, cover up or harassment.

1

16. On April 17, 2012, Plaintiff had another formal observation and received another unsatisfactory rating.

17. In May 2012, Plaintiff received another unsatisfactory observation. On June 22, 2012 (the last day of school), Plaintiff received an annual performance review of unsatisfactory for the 2011-2012 school year.

18. It also should be noted that in September 2011, the high school moved from 1075 2nd. Ave, NY, NY to a new building.

19. Mr. Johnson was no longer the Chairman of Math and Science and said duties were reassigned to Ms. Bernadette Mikolajaczyk, Chairman of the English department. Ms. Mikolajaczyk was supposed to be Plaintiff's new Department Chair and she was supposed to conduct his observations and write the evaluations of his teaching.

20. However, Mr. Strauss specially moved Mr. Johnson to conduct observations of Plaintiff. The following five observation reports were all unannounced and conducted during 4th Period.

21. This 4th period is the official attendance & announcement period, so there is extra paperwork and administrative issues that take time away from teaching.

22. On November 30, 2012, an observation by Strauss and Johnson was rated unsatisfactory.

23. On January 14, 2013, the observation by Strauss and Johnson was rated unsatisfactory.

24. On March 12, 2013, the observation by Strauss and Johnson was rated unsatisfactory.

25. On May 6, 2013, another lesson was rated unsatisfactory.

26. On May 28 2013, another lesson was rated unsatisfactory.

27. Finally on June 24, 2013, Plaintiff received another unsatisfactory annual performance

2

       review for the 2012-2013 school year.

28. Plaintiff was subjected, and is still being subjected to disparate treatment, and a hostile work environment due to retaliation for reporting test fraud. As a direct result of complaining about improper governmental activity by the principal and others, Plaintiff received unsatisfactory ratings as set forth above.

29. Plaintiff has been deprived of constitutionally protected speech and interests under the color of state law.

30. At all times material hereto, DOE is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below.

31. Defendant Strauss and Johnson are sued individually herein, as they were acting outside the scope of their employment at all times relevant in the complaint. at all times relevant in the complaint. Both were acting under the color of State Law.

32. Plaintiff has the right to complain internally and to the State of New York concerning such matters.

33. Plaintiff's advocacy was separate and apart from any of his job responsibilities he had as a teacher but as a citizen expressing grave concern regarding matters that are of a public concern.

34. In fact, Plaintiff's job responsibilities did not include complaining about examination fraud to the State of New York Education Department and the Board of Regents.

35. As a direct result of Plaintiff complaining to the State of New York, Plaintiff was retaliated against as set forth above.

3

36. Plaintiff was damaged in that because of the retaliatory unsatisfactory annual performance reviews he received, he was barred from summer per session work (which he had previously done) and also was not permitted to transfer schools within the DOE.

37. There were no legitimate reasons for the above conduct. The only reason for said action is retaliatory due to Plaintiff speaking out regarding matters of public concern.

38. The above referenced conduct was deliberate, continuing and ongoing from the moment Plaintiff complained and then grew worse once Plaintiff complained to the New York State Education Department.

39. Plaintiff duly complied with all conditions precedent including file a notice of claim.

### AS AND FOR A FIRST CLAIM FOR RELIEF-US CONSTITUTION FIRST AMENDMENT- AGAINST ALL DEFENDANTS

40. Plaintiff repeats and realleges each and every allegation set forth above with same force and effect as if fully set forth herein.

41. Defendants violated the First Amendment of The United States Constitution by retaliating against Plaintiff because he spoke out externally and internally on matters of public concern relating to test fraud on the New York State Regent Examination.

42. Plaintiff's advocacy was separate and apart from his job duties. Plaintiff was not mandated to speak out and petition the government and was not reasonably expected to do so pursuant to his duties as a teacher. Plaintiff was speaking as a citizen regarding matters which are of a public concern and interest.

43. There were no legitimate reasons for Defendants actions except retaliation due to Plaintiff's exercise of his First Amendment rights.

4

44. As a result of Defendants' actions, Plaintiff has been, and continues to be, deprived of his Federal rights under 42 U.S.C., Section 1983 and the Fourteenth Amendment due process rights applying the First Amendment rights of the United States Constitution.

45. As a result of Defendants actions, Plaintiff suffered emotional pain and humiliating irreparable damage to his reputation. Defendants actions have injured Plaintiff in his employment.

46. Defendants have deprived Plaintiff of such rights under color of State Law.

47. As a result of Defendants actions in retaliating against Plaintiff he has been damaged.

## DEMAND FOR A JURY TRIAL

48. Plaintiff demands a trial by Jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants that exceeds the minimum jurisdiction of this Court as follows:

1. Compensatory damages including but not limited to pain and suffering, damage to Plaintiff's reputation and lost wages;

2. Attorney fees and Costs; cannot yet be determined;

3. Equitable relief including but not limited to the following:

   a. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights protected by the New York State Constitution;

   b. Permanently enjoining the defendants from engaging in the practices complained of herein and expunging the negative evaluations and

        observations from Plaintiff's file;

    c.     Expungement of Plaintiff's Unsatisfactory Annual Performance Review.

4.     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 19, 2015                         Respectfully submitted,

                                                  STEWART LEE KARLIN
                                                  LAW GROUP, PC

                                                  /Stewart Lee Karlin
                                                  STEWART LEE KARLIN, ESQ.
                                                  DANIEL E. DUGAN, ESQ.
                                                  *Attorney for Plaintiff*
                                                  111 John St., Suite 4W
                                                  New York, NY  10038
                                                  (212) 792-9670