15 Civ. 3938 (FB) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER COHN,

                                         Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY SCHOOL OF NEW YORK, ERIC STRAUSS individually, and JAMES JOHNSON individually,

                                         Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

### ZACHARY W. CARTER
*Corporation Counsel of the City of New York*

Attorney for Defendants

100 Church Street, Room 2-125
New York, New York  10007
Of Counsel:  Steven A. Sutro
Tel:  (212) 356-2470
Matter No. 2015-030221

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

        PLAINTIFF FAILS TO STATE A PLAUSIBLE
        CLAIM FOR RETALIATION IN VIOLATION OF
        THE FIRST AMENDMENT. ................................................................................... 4

            A.        Applicable Pleading Standard ..................................................... 4

            B.        First Amendment Retaliation Standard ..................................... 4

            C.        Plaintiff Was Speaking As a Public
                      Employee, and Not a Private Citizen ......................................... 5

            D.        Plaintiff Cannot Establish Monell
                      Liability Against the DOE ........................................................... 9

CONCLUSION ........................................................................................................................... 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
PETER COHN,

                                                                Plaintiff,

                    -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY SCHOOL OF NEW YORK, ERIC STRAUSS individually, and JAMES JOHNSON individually,

                                                   Defendants.

15 CV 3938 (FB)(JO)

------------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff Peter Cohn ("Plaintiff") is employed by the New York City Department of Education ("DOE") as a tenured Earth Science teacher. Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, alleging that defendants DOE (sued herein as "The Department of Education of the City of New York, The Board of Education of the City School of New York") and Eric Strauss ("Strauss" or "Principal Strauss")[1] (collectively "defendants") retaliated against him for exercising his First Amendment right to free speech. Plaintiff alleges that he was part of a grading team for the New York State Regents Exam and had observed another Earth Science teacher with approximately a dozen students scoring "100" on the lab part of the exam, a score which plaintiff believed was accomplished by this teacher having "coached" these students.

---

[1] Upon information and belief, the individually-named defendant James Johnson has not been served with the summons and complaint filed in this matter, and the time to do so has long since expired. Accordingly, and notwithstanding the grounds for dismissal on the merits, James Johnson should be dismissed as a party.

Plaintiff alleges that after he reported his suspicion of improper "coaching" on the exam to the school, he received unsatisfactory classroom observation reports and was issued unsatisfactory performance ratings for the 2011 - 12 and 2012 - 13 school years. Plaintiff thus contends that such observations and ratings of his performance resulted from his report to the school and asserts that such a correlation constituted First Amendment retaliation.

It does not. Therefore, defendants now move to dismiss the Amended Complaint on the grounds that it fails to state a plausible claim upon which relief can be granted. Plaintiff's complaints about the alleged exam coaching were not constitutionally protected speech, and, as such, he cannot state a claim alleging retaliation for protected speech. Plaintiff spoke as an employee, not a citizen, and therefore he cannot state a plausible claim. Consequently, the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## STATEMENT OF FACTS[2]

Plaintiff is a tenured Earth Science teacher with the DOE. See Am. Compl. ¶ 6. Plaintiff was part of a "grading team" for the New York State Regents Examination between June 15 and June 22, 2011. See id. ¶ 8. While grading the Regents Examinations, plaintiff observed that about a dozen students of another Earth Science teacher's class received a grade of "100 percent" on the lab performance part of the exam. See id. Plaintiff believed that this number of perfect scores "is substantially higher than normal without coaching." See id.

Plaintiff soon thereafter, on June 27, 2011, spoke with the school's Assistant Principal about his suspicion that the other teacher had coached his students by giving them foreknowledge of the test. See id. ¶ 9. On October 20, 2011, plaintiff discussed his coaching

---

[2] This factual statement is derived from the allegations set forth in the Amended Complaint solely for the purposes of this motion and defendants neither admit nor deny these allegations.

2

suspicions with defendant Principal Strauss. See id. ¶ 10. On November 4, 2011, plaintiff raised his concerns about the grading improprieties again with the Assistant Principal and with Principal Strauss. See id. ¶ 11. During these conversations, plaintiff explained to the Assistant Principal and to Principal Strauss that he believed

> that a fellow Earth Science Teacher at the school, coached his students on the lab practical portion of the Regents examination. As to the lab practical portion of the exam, advanced coaching by a teacher is possible because the Earth Science teachers received the lab portion of the exam ahead of time, and were responsible for setting the test up and marking the answer key. Various ways of coaching students would be possible in order to increase their scores, including telling the students the instructions (which are long and detailed) ahead of time or pointing out to students what to look for in this [sic] exam questions.

See id. ¶ 12.

Plaintiff alleges that following the November 4, 2011 conversation, Principal Strauss switched plaintiff's classrooms. See id. ¶ 11. On January 6, 2012, plaintiff received an unsatisfactory classroom observation from the Assistant Principal "at the instruction of [Principal] Strauss." See id. ¶ 13. On February 27, 2012, plaintiff received another unsatisfactory classroom observation. See id. ¶ 14. Seven days later (and eight months after plaintiff first suspected grading improprieties) on March 5, 2012, plaintiff contacted the New York State Department of Education Testing Division and the Board of Regents via mail and repeated his suspicion that another Earth Science teacher coached his students for the Regents exam. See id. ¶ 15. In April and May, 2012, plaintiff received two more unsatisfactory classroom observations and received an annual performance review of unsatisfactory for the 2011-12 school year. See id. ¶¶ 16-17. During the following school year, plaintiff received five

3

unsatisfactory classroom observations and received another year-end unsatisfactory annual performance review.  See id. ¶¶ 22-27.

## ARGUMENT

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT.

**A.  Applicable Pleading Standard**

In order to survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Here, no such liability could ever be assigned because, as discussed below, plaintiff's claim entirely fails as a matter of law.

**B.  First Amendment Retaliation Standard**

It is well settled that to prevail on a First Amendment retaliation claim, a public employee must demonstrate: (1) that the speech at issue was protected by the First Amendment; (2) that he suffered an adverse employment action constituting conduct that would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights; and (3) a causal connection between the protected speech and the adverse employment action. See Ruotolo v. City of New York, 514 F.3d 184, 188-189 (2d Cir. 2008); Zelnick v. Fashion Institute of Technology, 464 F.3d 217, 225 (2d Cir. 2006).

Protected speech is made by a public employee if "the employee spoke as a citizen on a matter of public concern." See Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009) (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)).  This inquiry involves two separate

4

requirements, both of which must be met: (1) the employee must speak as a citizen, rather than as a public employee; and (2) the employee must speak on a matter of public concern. See id. If the employee's speech does not satisfy *both* requirements, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." See Garcetti, at 418 (citing Connick v. Myers, 461 U.S. 138, 147 (1983)).

"By expressly holding that speech pursuant to a public employee's official duties is not insulated from employer discipline, Garcetti thus directs a court's attention to the role the speaker occupied." See O'Connor v. Huntington U.F.S.D., No. 11-CV-1275 (JFB)(ARL), 2014 U.S. Dist. LEXIS 39596 at *18 (E.D.N.Y. Mar. 25, 2014) ("O'Connor") (internal citation omitted). Under this "citizen vs. employee" prong, "two relevant factors that, considered in isolation, are not dispositive are whether the speech occurred in the workplace and whether the speech concerned the subject matter of the employee's job." See O'Connor, at *19 (citing Garcetti, at 420-21). If the employee was acting pursuant to his official duties, then he was not speaking as a citizen and his speech is not entitled to First Amendment protection. See Garcetti, 547 U.S. at 421.

**C.    Plaintiff Was Speaking As a Public Employee, and Not a Private Citizen**

Here, plaintiff spoke as an employee, not a citizen, and therefore cannot state a claim upon which relief can be granted. "Public employees who convey complaints or grievances about a matter pertaining to their official duties to their supervisors do so in their capacities as employees rather than citizens, even when the subject matter of their speech touches upon a matter of public concern," and, therefore, such speech is not protected by the First Amendment. See Weintraub v. Bd. of Educ. of the City of N.Y., 489 F. Supp. 2d 209, 221 (E.D.N.Y. 2007), aff'd, 593 F.3d 196 (2d Cir. 2010).

This case is on all fours with O'Connor. In O'Connor, as here, a teacher grading a statewide examination believed that the grades of another teacher's students were inflated due to malfeasance by that other teacher. See O'Connor at *3-4. Like here, that teacher reported his suspicions and concerns about the other teacher's students' grades to the school's administration including the principal. See id. Similarly, the teacher alleged that the administrators retaliated against him for reporting the potential grading irregularities. See id. at *13. The O'Connor court dismissed the complaint, holding that the teacher

> spoke as a public employee, rather than as a private citizen, when he complained about potential grading improprieties. This determination is consistent with those by other courts that conclude that such internal complaints by teachers about their colleagues' professional misconduct based upon information learned through the teachers' positions constitute speech as a public employee that is not protected by the First Amendment.

See id. at *29 (internal citations omitted). See also White v. City of New York, No. 13 Civ. 7156 (ER), 2014 U.S. Dist. LEXIS 123255, *29-30 (S.D.N.Y. Sept. 3, 2014) (granting motion to dismiss where speech at issue was obviously "that of a concerned teacher, not a concerned citizen.").

The O'Connor court further held that "[i]t is irrelevant that defendants point to no official policy requiring school teachers to report grading irregularities or that the complaints did not concern his own students. . . ." See O'Connor at *22. The O'Connor court observed that "there is no question that reporting grade irregularities or any other cheating in that situation is part-and-parcel of his job duties as an assigned grader on a particular exam, as well as his general duties as a teacher. Ensuring the integrity of the taking and the grading of exams is a quintessential duty of a teacher." See id. at *23 (internal citation omitted). This situation precisely mirrors plaintiff's when he complained about the alleged grading impropriety.

6

The O'Connor court analogized its facts (which are nearly identical to the case at bar) to Weintraub v. Bd. of Educ. of the City of N.Y., 489 F. Supp. 2d 209, 221 (E.D.N.Y. 2007), aff'd, 593 F.3d 196 (2d Cir. 2010), "where a teacher complained to his supervisor and filed a grievance regarding how a student was not properly disciplined after throwing a book at Weintraub during class." See O'Connor at *23. The O'Connor court held, "as in Weintraub," that the teacher's complaints were "part-and-parcel" of his professional duties. See id. at *24.

> When he graded the exams, O'Connor taught social studies to seventh graders. He graded the exams along with seven other [ ] teachers. . . . Plaintiff does not claim that he was not required to grade the exams pursuant to his official duties. . . . Further, plaintiff approached [his supervisors] with his concerns because he thought students' grades were implausible. . . .

See id. Here, plaintiff taught Earth Science, graded Earth Science exams with his co-teachers, and approached his supervisors with his concerns because he thought students' grades were implausible. Additionally, the O'Connor court looked to the Garcetti factor of "whether the speech resulted from knowledge gained through plaintiff's employment" to further show that the plaintiff's speech was not protected. See O'Connor at *28-29. In this case, as in O'Connor, the complaining teacher only learned of the potential grading irregularities because he observed the other teacher grade the exams and was aware of the normal grade range for the students. Therefore, for the reasons explained in O'Connor, this Court should find that plaintiff spoke as an employee when he made complaints about suspected grading malfeasance.

This is true even if plaintiff points to his letter to the New York State Department of Education Testing Division and the Board of Regents to argue that he spoke as a citizen and not an employee. First, the recipient of the speech is not dispositive. See id. at *29 ("no single factor is dispositive"). Second, even considering to whom the speech was made, most of

7

plaintiff's speech was made internally to his supervisors and therefore this factor weighs toward a finding that the speech is not protected. Importantly, like in O'Connor, plaintiff only alerted the State Board of Education *after* he made numerous internal complaints to the Assistant Principal and Principal of his school. And, like in O'Connor, plaintiff suffered alleged adverse employment actions (here, numerous unsatisfactory observation reports; in O'Connor, a constructive discharge) *before* he made a complaint to the State Board of Education. Plaintiff graded the exams between June 15 and June 22, 2011. He raised the issue of the grading irregularities to his supervisors on June 27, 2011, October 20, 2011, and November 4, 2011. Plaintiff then received an unsatisfactory observation report on January 6, 2012, and another on February 27, 2012. Seven days later, and *eight months after* he first suspected and complained about the grading malfeasance, plaintiff wrote to the State. Even if the court were to conclude that notifying the state weighs toward finding that plaintiff was speaking as a citizen, the timeline of events shows that crux of the complaints were made internally; only after he believed he was suffering negative consequences did he notify the State. Not only is this one factor not dispositive, at best for plaintiff, it only weakly adds to the "citizen" side of the balance, whereas all the other factors add weight to the "employee" side of the balance.

The Supreme Court in Garcetti cautioned that determining whether a public employee spoke within the scope of his professional duties requires a "practical" inquiry. The practical inquiry here shows that plaintiff made complaints about grading exams, which were part-and-parcel of his assigned duties as an exam grader and teacher; therefore, he spoke as an employee, even if this Court finds some weight behind the argument that plaintiff did make a (belated) complaint to the State Education Department. See Rodriguez v. Int'l Leadership Charter Sch., No. 08 Civ. 1012 (PAC), 2009 U.S. Dist. LEXIS 26487, *9-10 (S.D.N.Y. Mar. 30,

2009) (holding that a teacher's complaint, about in-school problems that impacted the students, to an independent state agency did not change the fact that she spoke as an employee, pursuant to her professional duties, and therefore the teacher could not state a claim for First Amendment retaliation).

Finally, even if plaintiff spoke on a matter of public concern, because he spoke as an employee and not as a citizen, the conclusion would not change; plaintiff's speech is not protected by the First Amendment. See Weintraub v. Bd. of Educ. of the City of N.Y., 489 F. Supp. 2d 209, 221 (E.D.N.Y. 2007) ("public employees who convey complaints or grievances about a matter pertaining to their official duties to their supervisors do so in their capacities as employees rather than citizens, even when the subject matter of their speech touches upon a matter of public concern," and, therefore, such speech is not protected by the First Amendment.), aff'd, 593 F.3d 196 (2d Cir. 2010); see also Garcetti v. Ceballos, 547 U.S. at 418.

### D.     Plaintiff Cannot Establish Monell Liability Against the DOE

Plaintiff's claims under 42 U.S.C. § 1983 against the DOE must be dismissed because he has failed to plead that the alleged violations were the result of an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Owen v. Haas, 601 F.2d 1242 (2d Cir.), cert. denied, 444 U.S. 980 (1979). To hold the DOE liable under § 1983, plaintiff must establish that the entity itself deprived plaintiff of a constitutional right through a "policy," "practice," or "custom" of that entity. Monell, 436 U.S. at 690-95; see Board of Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior.") (internal citations omitted). A mere assertion that a municipality has such a policy is insufficient to establish Monell liability. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Moreover, proof of a single incident of

9

unconstitutional activity is insufficient to demonstrate the existence of a custom or policy. City of Oklahoma v. Tuttle, 471 U.S. 808, 821 (1985).

Here, nothing plausibly supports a claim that there was a particular policy, practice, or custom of the DOE to retaliate against individuals based on their reporting of grading irregularities. Indeed, plaintiff does not even allege the existence of a policy, practice, or custom in his Amended Complaint. Thus, plaintiff cannot demonstrate the existence of an identified municipal policy or practices that was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

Accordingly, all claims against defendants must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss the Amended Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         April 14, 2016

                            **ZACHARY W. CARTER**
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-125
                            New York, New York 10007
                            (212) 356-2470
                            ssutro@law.nyc.gov

By:   /s/
                      Steven A. Sutro
                      Assistant Corporation Counsel

Maxwell D. Leighton,
Steven A. Sutro,
  Of Counsel.