UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
PETER COHN,

              Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                        15-3938 (FB)

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, THE
BOARD OF EDUCATION OF THE CITY
OF NEW YORK, ERIC STRAUSS,
individually, and JAMES JOHNSON,
individually,

              Defendants.
---------------------------------------------------x

*Appearances*:
| | |
|---|---|
| *For the Plaintiff* | *For the Defendant* |
| STEWART LEE KARLIN | EMERY L. LYON |
| DANIEL EDWARD DUGAN | New York City Law Department |
| Law Offices of Stewart Lee Karlin, P.C. | 100 Church Street |
| 111 John Street, 22nd Floor | New York, New York 10007 |
| New York, New York 10038 | |

**BLOCK, Senior District Judge:**

     Peter Cohn ("plaintiff"), a high school teacher at the High School of Art and Design, brings the present action against the Department of Education of the City of New York, the Board of Education of the City of New York, Eric Strauss, and James Johnson (together, "defendants"). Plaintiff claims that defendants retaliated against him for exercising his First Amendment right to freedom of speech in violation of 42

U.S.C. § 1983. Defendants now move to dismiss plaintiff's case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reason, their motion is GRANTED.

## I

The following facts are derived from the complaint, taken as true and viewed in the light most favorable to plaintiff. *See DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 110-11 (2d Cir. 2010). Plaintiff was on the grading team for the New York State Regent Examination in June 2011. While performing his duties on the grading team, he noticed that another teacher's students were receiving disproportionately high scores on the exam, which suggested that the teacher had improperly coached the students. After plaintiff reported this observation to defendants Strauss and Johnson—principal and vice principal, respectively, of the High School of Art and Design—and also to the New York State Department of Education Testing Division and the Board of Regents, Cohn claims he received a series of unsatisfactory teaching reviews and was removed from his position as Chairman of Math and Science. He argues that these actions amount to First Amendment retaliation.

## II

A government employer "may impose restraints on the job-related speech of public employees that would be plainly unconstitutional if applied to the public at

large." *U.S. v. National Treasury Employees Union*, 513 U.S. 454, 465 (1995). However, "[t]he Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak *as a citizen* addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006) (emphasis added). Thus, to establish a First Amendment retaliation case, a public employee must allege facts demonstrating that he or she "spoke as a citizen on a matter of public concern," rather than pursuant to his or her job duties. *Id.* at 418. If the employee spoke pursuant to his or her job duties rather than as a citizen on a matter of public concern, the employee has no First Amendment cause of action. *See id.* at 421 ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes.").

Such is the case here. Plaintiff's speech arose directly from, and "w[as] made pursuant to his duties," on the grading team for the New York Regent Examination. *See id.* ("The controlling factor in Ceballos' case is that his expressions were made pursuant to his duties as a calendar deputy."). He was performing his duty of ensuring that the exam was fairly and properly graded; it "is part of what he . . . was employed to do." *Id.* As defendants point out, this case is directly on point with *O'Connor v. Huntington U.F.S.D.*, No. 11-1275, 2014 WL 1233038, at *8 (E.D.N.Y. 2014), in

3

which Judge Bianco held that a teacher on a grading team who reported grading irregularities on a statewide test was speaking "pursuant to his professional responsibilities and duties as a schoolteacher and grader[,]" rather than as a citizen on a matter of public concern.

Plaintiff here argues that *O'Connor* is distinct from his case because he reported his observation of grading irregularities to school administrators *and* the New York State Department of Education Testing Division and the Board of Regents, whereas the plaintiff in *O'Connor* only reported the grading irregularities to school administrators. But *Garcetti* instructs the Court to consider many factors, each non-dispositive, in a practical inquiry to determine whether speech was made as a citizen rather than as an employee. *See Garcetti*, 547 U.S. 410, 420, 424 ("The proper inquiry is a practical one."). The mere fact that plaintiff here spoke outside of the small circle of school administrators is insufficient to transform his speech into that of a citizen on a matter of public concern. Thus, the facts plaintiff alleges in his Amended Complaint, taken as true and viewed in his favor, are insufficient to establish that he spoke as a citizen when he reported grading irregularities to Strauss, Johnson, and the New York State Department of Education Testing Division and the Board of Regents. And because he has not sufficiently alleged an underlying constitutional violation, his *Monell* claim also fails. *City of Los Angeles v. Heller*, 475

U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

## III

For the aforementioned reason, defendants' motion to dismiss for failure to state a claim is GRANTED.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 25, 2017